# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7056 | **DATE** | 3/7/2011 |
| **CASE TITLE** | American Taxi Dispatch, Inc. vs. Iyad Akel | | |

**DOCKET ENTRY TEXT**

American Taxi Dispatch, Inc.'s motion for preliminary injunction [20] is denied. The parties are ordered to conduct a face-to-face settlement conference in accordance with the procedures outlined on this Court's website. Status hearing set for 3/23/11 at 10:00 a.m. to report on the outcome of the face-to-face settlement conference. No Appearance required on 3/9/11 at 10:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Before the Court is plaintiff American Taxi Dispatch, Inc.'s ("American Taxi") motion for a preliminary injunction against the sole named defendant, Mr. Iyad Akel ("Mr. Akel"). For the reasons set forth more fully below, the motion is denied.

     The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the case. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir.1988). A party seeking injunctive relief must make a four-part threshold showing that: (1) the movant has some likelihood of success on the merits of the underlying litigation; (2) immediate irreparable harm will result if the relief is not granted; (3) the balance of the hardships weighs in the movant's favor; and (4) the impact on the public interest is in favor of the relief. *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973 (Fed.Cir.1996); *see also Duct-O-Wire Co. v. U.S. Crane, Inc.*, 31 F.3d 506, 506 (7th Cir.1994). In order to prevail on its motion, American Taxi must establish both of the first two factors, specifically, likelihood of success on the merits and irreparable harm. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed.Cir.2001).

     On November 2, 2010, American Taxi filed a seven-count complaint against defendants #1 American Flat Fare and Mr. Akel. The complaint alleged claims for, *inter alia*, trademark infringement and deceptive trade practices. American Taxi served Mr. Akel with summons and a copy of the complaint on November 8, 2010. Mr. Akel answered the complaint on December 15, 2010. On December 29, 2010, American Taxi filed a motion for a preliminary injunction and noticed it for presentment on January 12, 2011. The presentment date was reset to January 26, 2011. On that date, counsel for American Taxi and counsel for Mr. Akel appeared before this Court. Mr. Akel's counsel represented that no company named "#1 American Flat Fare" exists in Illinois. Counsel for American Taxi did not dispute that representation and conceded that he had not effectuated service on a company operating under the name "#1 American Flat Fare."

     In light of those representations, American Taxi's counsel orally requested, and was granted, leave to file an amended complaint and amended motion for preliminary injunction. American Taxi filed an amended complaint on February 10, 2011, and filed the instant motion for preliminary injunction the next day. The

## STATEMENT

amended complaint and motion for preliminary injunction name Mr. Akel as the sole defendant. In the motion for preliminary injunction, American Taxi seeks to enjoin Mr. Akel from: (1) "operating under or using, in any facet, the name 'American Taxi', any other name containing the terms 'American' and 'Taxi', or any similar name"; (2) "maintaining or listing its business telephone number under the name 'American Taxi,' any other name containing the terms 'American' and 'Taxi', or any similar name"; and (3) "advertising and maintaining its present or substantially similar advertisements on the Kiosks at O'Hare International Airport."

In the submissions in support of its motion, American Taxi failed to establish that Mr. Akel was operating any business, much less a specific business using the name "American Taxi." American Taxi also failed to establish that Mr. Akel is currently advertising at O'Hare International Airport. Exhibit C to the motion is an advertising contract purportedly signed by Mr. Akel. That contract was valid for 6 months, beginning on August 1, 2010 and expiring in late January, 2011. American Taxi failed to provide any evidence that Mr. Akel is currently advertising a business at O'Hare International Airport. On these facts, American Taxi has not established a likelihood of success on the merits of its complaint, or that it will suffer irreparable harm without the aforementioned injunctive relief. Accordingly, the motion for a preliminary injunction is denied.